**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JACQUELINE CURRY,**

    **Plaintiff,**

**v.**                                             **CASE NO. 8:13-CV-2479-T-35EAJ**

**HSBC HOLDINGS,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Before the Court is pro se Plaintiff's Affidavit of Indigency (Dkt. 2), which the Court construes as a motion for leave to proceed in forma pauperis.

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The Court must first determine the economic status of the litigant, but § 1915 permits the Court to dismiss the complaint if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (citation omitted).

Plaintiff's affidavit lacks the information necessary to determine if the Plaintiff is, in fact, indigent. She states she has been unemployed since 2008, but she shows no income or expenses, she does not list her address or if she is single or married with dependants. Given the incomplete information regarding Plaintiff's financial information, her affidavit requires clarification.

Moreover, Plaintiff's case is subject to dismissal for failure to comply with the Federal Rules of Civil Procedure and federal law. Plaintiff's complaint does not contain "a short and plain

statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Rules require no technical form for pleading, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Further, although the complaint states that Plaintiff resides in Longwood, Florida, the signature line provides a North Carolina post office address for her. Plaintiff shall clarify this inconsistency if she files an amended complaint.

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1) Plaintiff's construed motion for leave to proceed in forma pauperis (Dkt. 2 be **DENIED WITHOUT PREJUDICE**;

(2) The Clerk is directed to send Plaintiff the correct Affidavit of Indigency Form DC 101.

(3) Plaintiff be granted an opportunity to file an amended motion to proceed in forma pauperis supplemented with complete financial information or submit the requisite filing fee to the Clerk; and

(4) Plaintiff's failure to file an amended motion or pay the requisite filing fee result in dismissal of Plaintiff's complaint.

(5) Plaintiff is granted the opportunity to amend her complaint to comply with the Federal Rules of Civil Procedure.

ELIZABETH A JENKINS
United States Magistrate Judge

Dated: October 1, 2013

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  See 28 U.S.C. § 636(b)(1).

Copies to:

Pro Se Plaintiff