## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JACQUELINE CURRY, *pro se,*

    Plaintiff,

v.                                                Case No: 8:14-cv-2420-T-30TGW

HSBC NORTH AMERICA HOLDINGS,
INC. and HSBC TECHNOLOGY &
SERVICES (USA) INC.,

    Defendants.

## **ORDER**

THIS CAUSE comes before the Court *sua sponte*. On February 9, 2015, this Court entered an order dismissing this case based on the *pro se* Plaintiff's failure to file a response to Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint, or Alternatively, Motion for Summary Judgment (Dkt. 56), and overall failure to prosecute her case (Dkt. 63). The Court's Order noted that Plaintiff's response to Defendants' motion was due on February 5, 2015 and, at the time of the Court's dismissal, no response or request for a further extension of time had been filed. A review of the docket reflects that Plaintiff subsequently filed a response to Defendants' motion on February 10, 2015 (Dkt. 64). Although this response is untimely, the Court concludes that this case should be re-opened to decide the case on its merits. As such, this case will be re-opened.

Regarding the merits of Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint, or Alternatively, Motion for Summary Judgment (Dkt. 56) and Plaintiff's Response in Opposition (Dkt. 64), the motion is essentially one for summary judgment.

Indeed, it relies on evidence outside the pleadings. But as Plaintiff notes in her response, she has not had the benefit of discovery to file an adequate response. As such, Defendants' motion must be denied without prejudice as premature.

As stated in *Blumel v. Mylander,* 919 F. Supp. 423, 428 (M.D. Fla. 1996), Rule 56 of the Federal Rules of Civil Procedure "implies [that] district courts should not grant summary judgment until the non-movant has had an adequate opportunity for discovery." Furthermore, the Eleventh Circuit has decisively determined that "summary judgment may only be decided upon an adequate record." *Snook v. Trust Co. of Ga. Bank,* 859 F.2d 865, 870 (11th Cir.1988). The Eleventh Circuit explained:

> [S]ummary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery. The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.

*Id.* at 870 (internal citations omitted).

Also, Defendants' *res judicata* argument fails at this stage because a review of Plaintiff's amended complaint demonstrates that some of her claims relate to actions that occurred after the dismissal of the previous action. Thus, *res judicata* does not apply at this stage without the benefit of further discovery because it is unclear whether the two causes of action arise out of the same set of facts.

Defendants' statute of limitation arguments also fail at this stage because it is not clear from the face of the amended complaint whether all of Plaintiff's claims are time barred. Plaintiff's response implies that Defendants' unlawful acts are continuing with respect to Defendants' failure to provide truthful references with respect to Plaintiff's employment.

It is therefore **ORDERED AND ADJUDGED** as follows:

1. The Court's Order Dismissing Case without Prejudice (Dkt. 63) is hereby VACATED for the reasons stated herein.

2. The Clerk of Court is directed to re-open this case.

3. Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint, or Alternatively, Motion for Summary Judgment (Dkt. 56) is denied without prejudice as premature.

4. Defendants shall file an answer to the amended complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on February 12, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2014\14-cv-2420 vacate dismissal and deny mt as premature.wpd