UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACQUELINE CURRY,

    Plaintiff,

v.                                                      Case No: 8:14-cv-2420-T-30JSS

HSBC NORTH AMERICA HOLDINGS,
INC. and HSBC TECHNOLOGY &
SERVICES (USA) INC.,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on Defendants' Motion to Compel Deposition of Plaintiff In Person Within This Judicial District (Dkt. 76) ("Motion to Compel") and Motion for a Hearing on Defendants' Motion to Compel Deposition of Plaintiff In Person Within This Judicial District (Dkt. 84) ("Motion for Hearing"). Upon consideration, the Motion to Compel is granted for the reasons stated below. The Motion for Hearing is denied as moot.

## BACKGROUND

On September 25, 2013, Plaintiff, *pro se*, filed suit against Defendants, her former employers, alleging claims of post-employment retaliation, tortious interference, defamation, and intentional infliction of emotional distress.[1] (Dkt. 1, 17, 43, 52.) Plaintiff has amended her Complaint three times, and in each Complaint, she has alleged that she lives in Florida, although in her signature block, she lists an address in North Carolina. (Dkt. 1 ¶ 5; Dkt. 17 ¶ 2; Dkt. 43 ¶

---

[1] This is the second lawsuit that Plaintiff has filed against Defendants. Plaintiff previously sued Defendants in 2011 for alleged civil rights violations related to her employment with Defendants. *See Curry v. HSBC Holdings, LLC*, Case No. 6:11-cv-00963-CEH-GJK (M.D. Fla. 2011). In that case, the court granted summary judgment in favor of Defendants on May 15, 2013. *Id.* at Dkt. 91. Plaintiff filed a notice of appeal to the Eleventh Circuit on June 14, 2013; however, her appeal was dismissed for lack of prosecution on April 14, 2014. *Id.* at Dkt. 95, 109.

2; Dkt. 52 ¶ 2.)  It appears from the record that Plaintiff resides in North Carolina.  (*See* Dkt. 81 at 4 (indicating that Plaintiff sends and receives mail related to this case in North Carolina)).

On June 27, 2014, the Court granted Plaintiff's motion to proceed *in forma pauperis*.  (Dkt. 39.)  The current discovery deadline is October 30, 2015.  (Dkt. 73 at 1.)  The dispositive motion deadline is November 30, 2015, and jury trial is set for April 2016.  (Dkt. 73 at 1, 2.)

On June 15, 2015, the Court referred this case to mediation, to be conducted no later than January 15, 2016.  (Dkt. 74 at 1-2.)  The Court directed the parties to notify the Court of the mediator and date of mediation by July 15, 2015.  (Dkt. 74 at 1-2.)  On July 15, 2015, Defendants notified the Court that Plaintiff would "not agree to appear in the district for mediation or pay for her half of mediation costs . . . ."  (Dkt. 77 at 1.)  On August 7, 2015, the Court mandated Plaintiff to attend mediation in the Middle District of Florida and reminded Plaintiff of her obligation to pay half of the costs of mediation.  (Dkt. 83 at 1.)  The Court advised Plaintiff that if she "fails to cooperate in scheduling and attending mediation, the Court may impose sanctions against her, including, but not limited to, dismissal of her case."  (Dkt. 83 at 2.)

On June 16, 2015, Defendants issued a notice to Plaintiff to take her deposition on July 30, 2015 in Greensboro, North Carolina.  (Dkt. 76-1.)  Subsequently, on July 7, 2015, Plaintiff allegedly informed Defendants that she would not appear in person for her deposition on July 30, 2015 and also would not appear at her deposition in person, if scheduled in this judicial district.  (Dkt. 76 ¶ 3.)  On July 10, 2015, Defendants filed the instant Motion to Compel requesting that the Court order Plaintiff to appear in person at her deposition within this judicial district on an agreed upon date in August 2015.  (Dkt. 76 at 5.)  On August 12, 2015, Defendants filed the Motion for Hearing.  (Dkt. 84.)  Defendants stated that Plaintiff has failed to supplement her discovery

responses and, therefore, the earliest Defendants could take Plaintiff's deposition would be in September 2015. (Dkt. 84 ¶ 3.)

## APPLICABLE STANDARDS

District courts have broad discretion in managing pretrial discovery matters and in deciding whether to grant motions to compel. *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002); *Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984) (per curiam).

A party may take any other party's deposition without obtaining leave of court. Fed. R. Civ. P. 30(a). The party noticing the deposition may select the location of the deposition. Fed. R. Civ. P. 30(b)(1). Typically, a plaintiff is required to make herself available for deposition in the judicial district in which she chose to file suit. *Culhane v. MSC Cruises (USA), Inc.*, 290 F.R.D. 565, 566 (S.D. Fla. 2013); *see also* 8A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2112 (3d. ed. 2015). Indeed, the Middle District of Florida Local Rules provide that "it is the general policy of the Court that a non-resident plaintiff [(i.e., a person residing outside the State of Florida] may reasonably be deposed at least once in this District during the discovery stages of the case . . . ." M.D. Fla. R. 3.04(b); *see* Middle District Discovery (2015) at 7 (citing M.D. Fla. R. 3.04(b)); *see also Tarzia v. Am. Sec. Ins. Co.*, 282 F.R.D. 669, 671 (M.D. Fla. 2012) (enforcing local rule and requiring a non-resident party to attend her deposition in the judicial district where the case was pending); *Washington v. Fla. Dep't of Children & Families*, No. 8:08-CV-48-T-33TBM, 2010 WL 5463071, at *2 (M.D. Fla. Dec. 29, 2010) (same).

## ANALYSIS

Defendants contend that Plaintiff has stated she will not appear for her deposition in person and also refuses to travel to this judicial district for her deposition. (Dkt. 76 ¶ 3.) In Plaintiff's previous lawsuit against Defendants, which was also filed in this judicial district, Defendants had

agreed to take Plaintiff's deposition in North Carolina, and Plaintiff failed to appear on the scheduled date. (Dkt. 76 ¶ 4.) As such, Defendants state that they do "not want to incur the costs of travel to Greensboro, North Carolina for a deposition on July 30, 2015 only to have Plaintiff refuse and/or fail to appear again." (Dkt. 76 ¶ 4.) As such, Defendants request an order compelling Plaintiff to appear at her deposition in person within this judicial district.[2]

Plaintiff asserts that Defendants' request would "create financial hardship and prevent access to due process."[3] (Dkt. 81 at 2.) She alleges that she "has no income due to HSBC blackballing from employment." (Dkt. 81 at 2.)

The Court finds that Plaintiff must appear for her deposition in person within this judicial district. Plaintiff claims that traveling to this judicial district for her deposition would create "financial hardship." When Plaintiff elected to file a second lawsuit against Defendants within this judicial district, however, she did so with knowledge of Middle District of Florida Local Rule 3.04(b). *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (requiring *pro se* parties to follow procedural rules). Additionally, an alleged inability to pay does not necessarily excuse a plaintiff from appearing for a deposition within the judicial district where the plaintiff filed suit. *See Newman v. Metro. Pier & Exposition Auth.*, 962 F.2d 589, 592 (7th Cir. 1992); *cf. Culhane v. MSC Cruises (USA), Inc.*, 290 F.R.D. 565, 567 (S.D. Fla. 2013) (finding that a non-resident plaintiff, who claimed she could not travel to the judicial district where her case was pending for her deposition because she was the sole caregiver for her sick husband, had not established good

---

[2] Defendants have not yet issued Plaintiff a notice for her deposition at a location within this judicial district; however, "[c]ourts in this district do not require a party to serve a deposition notice as a prerequisite to serving a motion to compel, and will grant a motion to compel when a party refuses to schedule their deposition." *Coleman v. Starbucks*, No. 6:14-CV-527-ORL, 2015 WL 2449585, at *3 (M.D. Fla. May 22, 2015).

[3] Plaintiff's response to the Motion to Compel was included within a Motion to Appear Telephonically and to Extend Discovery Period that Plaintiff filed on July 29, 2015. (Dkt. 81.) The Court denied Plaintiff's motion without prejudice due to her failure to comply with Middle District of Florida Local Rule 3.01(g). (Dkt. 82.)

cause for a protective order).  Moreover, the Court has already found that Plaintiff is not excused from attending mediation in person within this judicial district.   Accordingly, it is

**ORDERED:**

1.  Defendants' Motion to Compel is **GRANTED**.  Plaintiff shall appear in person at a location in the Middle District of Florida for the taking of her deposition on an agreed upon date and time in September 2015.  If the parties are unable to agree upon the date of Plaintiff's deposition by August 28, 2015 then, by September 4, 2015, they shall submit their respective proposed dates to the Court in writing and the Court will set the deposition to take place within the Middle District of Florida.

2.  In light of this ruling, Defendants' Motion for Hearing is **DENIED as moot**.

**DONE** and **ORDERED** in Tampa, Florida on August 17, 2015.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party