**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JACQUELINE CURRY, *pro se,*

    Plaintiff,

v.                                                 Case No: 8:14-cv-2420-T-30JSS

HSBC NORTH AMERICA HOLDINGS,
INC. and HSBC TECHNOLOGY &
SERVICES (USA) INC.,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Protective Order and Motion to File Supporting Documentation under Seal (Dkt. #92) and Defendants' Response in Opposition (Dkt. #93). Upon review and consideration, the motions are denied.

As Defendants point out, despite this Court's prior Orders (Dkts. #83, # 86, #91) directing Plaintiff to cooperate in the scheduling of mediation and directing her personal attendance at mediation and at her deposition, Plaintiff again requests permission to appear telephonically at mediation as well as at her own deposition. Plaintiff states, in relevant part, that she is the sole caregiver for her chronically ill spouse and "is unable to bear the cost of travelling" to the Middle District of Florida.

This Court and the Magistrate Judge already considered Plaintiff's requests to attend these events telephonically and rejected them. As Magistrate Judge Sneed noted in her Order denying Plaintiff's request to appear telephonically for her deposition (Dkt. #86),

Plaintiff elected to file a second lawsuit against Defendants within this judicial district. As such, she is required to diligently prosecute her case and that includes appearing in this district for, among other things, her deposition and mediation.

Notably, this Court previously ordered that it would not entertain further requests from Plaintiff to appear telephonically for mediation and her deposition (Dkt. #91). The Court also stated that: "If Plaintiff continues to disregard Orders of this Court, the Court [would] not hesitate to enter sanctions against her, including, but not limited to, dismissing her case." Yet, Plaintiff again seeks to avoid her personal appearance in the Middle District of Florida, citing the same reasons, despite the fact that she elected to file the instant action against Defendants in the Middle District of Florida. Plaintiff's requests do not establish good cause and are denied.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Protective Order (Dkt. #92) is DENIED.

2. Plaintiff's Motion to File Supporting Documentation under Seal (Dkt. #92) is DENIED.

3. The Court again cautions Plaintiff that if she continues to disregard Orders of this Court, the Court will not hesitate to enter sanctions against her, including, but not limited to, dismissing her case.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2014\14-cv-2420 protective 92.docx